26-1314, 26-1628

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

Svitlana Doe, *et al.*,

*Plaintiffs-Appellees*,

v.

Markwayne Mullin, Secretary of Homeland Security, *et al.*,

*Defendants-Appellants*.

On Appeal from the United States District Court
for the District of Massachusetts

## DEFENDANTS-APPELLANTS' ASSENTED-TO MOTION
## TO CONSOLIDATE APPEALS

BRETT A. SHUMATE
*Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

SARAH WELCH
*Counsel to the Assistant Attorney General*

KATHERINE J. SHINNERS
*Senior Litigation Counsel*
First Cir. Bar No. 1216699
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878,
Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8259
katherine.j.shinners@usdoj.gov

ELISSA FUDIM
*Trial Attorney*

Defendants-Appellants (the government) respectfully move this Court, pursuant to Fed. R. App. P. 3(b)(2) and 27(a)(1), to consolidate this appeal (Case No. 26-1314) with the related appeal in Case No. 26-1628. In support of this motion the government states as follows:

1. "When the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals." Fed. R. App. P. 3(b)(2); *see also United States v. Washington*, 573 F.2d 1121, 1123 (9th Cir. 1978) ("Consolidation under [Fed. R. App. P.] 3(b) may be ordered where the court in its discretion deems it appropriate and in the interests of justice, but each of the matters to be consolidated must be within the jurisdiction of the court."); *United States v. Dudley*, 804 F.3d 506, 509 & n.3 (1st Cir. 2015) (noting consolidation under Fed. R. App. P. 3(b) of criminal defendant's appeals from two separate convictions).

2. Each of the two appeals sought to be consolidated is from an order regarding a preliminary injunction of aspects of the termination of the Family Reunification Parole (FRP) programs issued in *Svitlana Doe, et al. v. Mullin, et al.*, 1:25-cv-10495 (D. Mass.).

3. On January 9, 2026, the district court below granted Plaintiffs leave to file a supplemented complaint under Federal Rule of Civil Procedure 15(d) to, *inter alia,* add new Plaintiffs to challenge the Secretary of Homeland Security's December 15, 2025, termination of the FRP Programs, including the termination of existing

FRP grants. As relevant here, the supplemented complaint argues that the FRP termination is contrary to law and arbitrary and capricious in violation of the Administrative Procedure Act (APA), 5 U.S.C. § 706(2); that the written notice of termination of existing parole grants did not comply with governing regulations; that the FRP termination is *ultra vires* under a non-statutory claim for equitable relief; that the FRP termination violates the Due Process Clause; and that the termination of existing parole grants should have undergone notice and comment rulemaking.

4. On January 24, 2026, the district court granted a preliminary injunction and stay of the FRP FRN "insofar as it revokes previously granted parole and work authorization issued to" FRP recipients. Dist. Ct. Dkt. Nos. 257, 258. The government filed a timely notice of appeal from this order on March 25, 2026, which appeal was docketed in this Court at No. 26-1314.

5. Meanwhile, on March 6, 2026, Defendants filed in the district court a motion to reconsider and dissolve the January 24, 2026 preliminary injunction. Dist. Ct. Dkt. Nos. 277, 278. The primary basis for the motion was to ask the district court to reconsider certain aspects of its ruling in light of the corrected administrative record. *See* Dist. Ct. Dkt. No. 278 at 1. The district court denied the motion for reconsideration on March 25, 2026. *See* Dist. Ct. Dkt. No. 288. The district court determined it needed more information to consider whether the documents submitted with the corrected administrative record are part of the administrative record. *See id.*

at 6, 9. It also rejected the government's remaining arguments for reconsideration without providing new reasoning, stating that the arguments merely "rehash[ed] [Defendants'] prior arguments." *Id.* at 6-8. Accordingly, the court denied the motion to reconsider without prejudice to renewal after consideration of the issues regarding the administrative record. *Id.* at 6, 9. The government timely noticed an appeal from the denial of the motion to reconsider and to dissolve the preliminary injunction, which appeal was docketed in this Court at No. 26-1628. The government has appealed the district court's March 25, 2026 decision to avoid any possible accusation of waiver of the ability to challenge and obtain relief from the preliminary injunction on appeal.

6. Because the district court did not provide any new reasoning in the March 25, 2026 order to support the preliminary injunction, the two appeals in Nos. 26-1314 and 26-1628 address identical issues. Consolidation of the two appeals will thus promote efficiency and conserve judicial resources.

7. No party will be prejudiced by consolidation. Consolidation will streamline the appellate process by avoiding duplicative briefing regarding whether the preliminary injunction was an abuse of discretion and will facilitate orderly resolution of the issues presented.

8. Indeed, because the issues are identical and will proceed on largely the same record and appendix, the government is not seeking any adjustment to the

current briefing schedule established in Appeal No. 26-1314. Under that schedule, the government's opening brief and appendix is due on August 5, 2026.

9.  Counsel for the government consulted with counsel for Appellees, who indicated they consent to the consolidation of the two appeals.

WHEREFORE, the government respectfully requests that this Court consolidate Appeal Nos. 26-1314 and 26-1628 for purposes of briefing and decision.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General

SARAH WELCH
Counsel to the Assistant Attorney
General

/s/ *Katherine J. Shinners*
KATHERINE J. SHINNERS
First Cir. Bar No. 1216699
Senior Litigation Counsel
U.S. Department of Justice, Civil
Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 598-8259
(202) 305-7000 (facsimile)
katherine.j.shinners@usdoj.gov

ELISSA FUDIM
*Trial Attorney*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume and typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d) because it contains 792 words and was prepared using Microsoft Word 2016 in proportionally spaced Times New Roman 14-point font.

Dated: July 22, 2026                   *s/ Katherine J. Shinners*
                                       Katherine J. Shinners
                                       Senior Litigation Counsel

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed a true and correct copy of this motion via the Court's CM/ECF system on July 22, 2026, which will provide electronic service to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: July 22, 2026                   *s/ Katherine J. Shinners*
                                       Katherine J. Shinners
                                       Senior Litigation Counsel